UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAQUEL SALDIVAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-076 |
| | § | |
| DOUGLAS ALLEN COLLINS, Secretary of | § | |
| Veterans Affairs, Department of Veterans | § | |
| Affairs, | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| RAQUEL SALDIVAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:24-CV-118 |
| | § | |
| DOUGLAS ALLEN COLLINS, Secretary of | § | |
| Veterans Affairs, Department of Veterans | § | |
| Affairs, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

In this action, Plaintiff Raquel Saldivar alleges claims under Title VII of the Civil Rights Act of 1964, pursuant to 42 U.S.C. § 2000e *et seq.*, alleging sexual harassment, a hostile work environment, and retaliation. She brings suit against Douglas Allen Collins, in his official capacity as Secretary of the Department of Veterans Affairs.

The parties filed competing motions for summary judgment. (Saldivar's Motion, Doc. 47 (seeking summary judgment as to causes of action for hostile work environment and retaliation); Defendant's Motion, Doc. 48 (seeking summary judgment as to all claims))

A Magistrate Judge recommends that the Court grant summary judgment in the Defendant's favor. (R&R, Doc. 55) Saldivar objects to the Report and Recommendation on several grounds. When a party objects to a Report and Recommendation, the district court applies *de*

*novo* review as to the objected-to portions of the Report and Recommendation. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  Here, given the breadth of Saldivar's objections, the Court applies *de novo* review to the entirety of the Report and Recommendation.

The Court has considered Saldivar's objections, which in large measure re-assert the arguments that she presented to the Magistrate Judge.  Based on the record and the applicable law, the Court agrees with the analysis that the Magistrate Judge applied and the conclusion reached in the Report and Recommendation.

The Court has considered all of Salvidar's objections, but provides the following observations on two of them.

On the issue of her claim alleging a hostile work environment, Saldivar argues that the Report and Recommendation applied the incorrect standard by requiring Saldivar to show that the alleged harassment was "severe and pervasive," rather than "severe or pervasive." (Objections, Doc. 58, ¶¶ 32–33).  The Court disagrees.  The Report and Recommendation correctly explains that "[f]or harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of the victim's employment and create an abusive working environment.'" (R&R, Doc. 55, 11 (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)); *id.* at 12 ("The allegations do not suggest that the conduct Saldivar was exposed to was so severe or pervasive it affected her employment."))  Even if the Report and Recommendation includes some citations to decisions that at times utilized the phrase "severe and pervasive," the analysis reflects the correct disjunctive standard.

Saldivar also objects that the Report and Recommendation relies on inapposite cases that involved fewer incidents of alleged harassment than the five incidents on which Saldivar relies. (R&R, Doc. 55, ¶¶ 36–43)  On this point, the Report and Recommendation correctly applied a "totality of the circumstances" test that includes several factors. (R&R, Doc. 55, 12 (quoting *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007))  Saldivar attempts to distinguish some cases by the number of alleged incidents.  But this focus misses the mark.  The

Report and Recommendation accurately analyzed whether the totality of the circumstances that the summary judgment evidence reflected could create a genuine issue of material fact on the issue of a hostile work environment.  The summary judgment record, when compared to the relevant caselaw, does not include such evidence.  Saldivar fails to create a fact issue on this essential element.

For these reasons, the Court **OVERRULES** Plaintiff Raquel Saldivar's objections to the Report and Recommendation (Doc. 55), which the Court **ADOPTS**.  As a result, it is:

**ORDERED** that Plaintiff Raquel Saldivar's Motion for Summary Judgment (Doc. 47) is **DENIED**; and

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 48) is **GRANTED** as to all causes of action that Plaintiff Raquel Saldivar alleges.

Each party shall bear its own fees and costs.

This is a final and appealable order.

The Clerk of Court is directed to close this case.

Signed on March 31, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge